**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| WILLIAM HORHN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  5:18-CV-00151-RWS |
| | § | |
| SANDRA CLARK, ET AL., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ORDER

The Plaintiff William Horhn, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. § 1983 complaining of alleged violations of his constitutional rights.  This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.  The named Defendants are Captain Sandra Clark, Deputy Warden Ralston Marshal, Major Timothy Hooper, Captain Tony Rust, and Sergeant Victor Rags, all of whom are TDCJ-CID officials at the Telford Unit, and Program Supervisor Melondee Blalock, a TDCJ-CID official in Huntsville.

**I. Background**

Plaintiff alleges that Captain Rust charged him with the disciplinary offense of establishing an inappropriate relationship, through correspondence, with an Officer Baker. Sergeant Rags investigated the case and Captain Clark conducted a disciplinary hearing.

Plaintiff contends Captain Clark found him guilty despite a lack of any evidence of correspondence between Plaintiff and Officer Baker.  Plaintiff states that Captain Clark did not

view any correspondence at the disciplinary hearing and that, when asked, stated that he had never seen any correspondence between Plaintiff and Officer Baker. Officer Baker did not attend the hearing but put a written statement into evidence.

In the complaint, Plaintiff alleges that Defendants violated his due process rights. He asserts that Captain Clark denied him due process by finding him guilty without any evidence, and states that on the hearing report, Captain Clark wrote only "guilty as charged based on officer's report and testimony" without providing any detail. Plaintiff further complains that Sergeant Rags violated his due process by failing to investigate the case within 24 hours. Warden Marshal and Program Supervisor Blalock denied Plaintiff's Step One and Step Two grievances.

Plaintiff requests the disciplinary case be expunged, the removal of Captain Clark as a hearing officer, the removal of Warden Marshal and Program Supervisor Blalock from reviewing grievances, nominal and punitive damages and declaratory relief.

## II.     The Magistrate Judge's Report

After review of the pleadings, the Magistrate Judge issued a Report recommending the lawsuit be dismissed. Docket No. 7. In the Report, the Magistrate Judge observed that Plaintiff had previously filed a habeas corpus petition challenging this same disciplinary case. *See Horhn v. Director, TDCJ-CID*, No. 5:18-cv-150 (E.D. Tex). At the time the Magistrate Judge issued the Report, the habeas petition was still pending. However, this Court dismissed the habeas petition with prejudice on August 2, 2019, holding that none of the punishment imposed on Plaintiff as a result of the disciplinary conviction implicated any constitutionally protected liberty interests. *See id.*

Likewise, the Magistrate recommends dismissing Plaintiff's claim here because

Plaintiff has not shown that the punishment imposed upon him violated his constitutionally protected liberty interests. In the Report, the Magistrate Judge analogized Plaintiff's civil rights lawsuit to the civil rights suit in the Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472, 483 (1995). In *Sandin*, the Supreme Court held that states may, under certain circumstances, create liberty interests that are protected by the Due Process Clause. *Id.* But these interests will generally be limited to freedom from restraint which imposes atypical and significant hardship on an inmate in relation to the ordinary hardships of life. *Id.*

The punishment imposed upon Plaintiff as a result of the disciplinary case included 45 days of cell, commissary and recreation restrictions; reduction in classification status from State Approved Trusty IV to Line Class II; and the loss of 30 days of good time credits.

The Magistrate Judge stated that the punishment of cell, commissary and recreation restrictions and the reduction in classification status did not implicate any protected liberty interests. *See Hernandez v. Velasquez*, 522 F.3d 556, 562 (5th Cir. 2008) (absent extraordinary circumstances, placement in administrative segregation is not a ground for a constitutional claim); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (cell restrictions do not implicate a protected liberty interests); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992) (custodial classification is not a protect liberty interest).

The Magistrate Judge further observed that the loss of good time credits can impose an atypical and significant hardship upon an inmate where the inmate is eligible for release on mandatory supervision. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (release on mandatory supervision is arguably a liberty interest in the State of Texas). However, Plaintiff is not eligible for such release, as he conceded in his habeas petition, and Plaintiff's possible release on parole is not a protected constitutional right in the Fifth Circuit. *See Allison v. Kyle*,

66 F.3d 71, 74 (5th Cir. 1995); *Creel v. Keene*, 928 F.2d 707, 708–09 (5th Cir. 1991). Consequently, the Magistrate concluded that Plaintiff's loss of good time credits, which affects only his possible release on parole, does not implicate protected liberty interests. Because Plaintiff did not show the infringement of any constitutionally protected liberty interests, the Magistrate Judge recommended the lawsuit be dismissed for failure to state a claim upon which relief may be granted. *See Stallworth v. Greer*, 227 F. App'x 415, 416 (5th Cir. 2007).

### III.    Plaintiff's Objections

In his objections, Plaintiff contends that he did state a claim upon which relief may be granted because he claimed he did not receive due process in his disciplinary hearing and because he set out how each defendant was involved in his claim. Plaintiff contends that, in disciplinary proceedings, inmates must receive written notice of the charges against them, a written statement of the evidence relied on and the reasons for the disciplinary actions taken and the opportunity to call witnesses and present evidence in their defense, unless this would pose a security risk. Plaintiff states that he could not present evidence in his case because there was no documentary evidence to rebut. Plaintiff asserts that he should have been allowed to see the alleged correspondence, which he could use to prove he did not write it, but there was no letter in evidence.

Plaintiff does not contest the Magistrate Judge's finding that the punishment imposed following his disciplinary hearing did not affect a protected liberty interest. In asserting his right to present documentary evidence during his hearing, Plaintiff cites several cases in which courts held that prisoners may have a liberty interest in good time credit. *See Wolff v. McDonnell*, 418 U.S. 539, 563–66 (1974); *Henson v. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000); *Young v. Kann*, 926 F.2d 1396, 1400-02 (3d Cir. 1991). These cases do not

address the dispositive issue here, whether a prisoner who is ineligible for mandatory release has a constitutionally protected interest in good time credits.

In Texas, a prisoner's loss of good time credits does not implicate a protected liberty interest when that prisoner is not eligible for mandatory release. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding that it is "entirely speculative" whether a prisoner will be released on parole, and therefore the prisoner has no constitutional expectancy of parole in Texas); *Madison*, 104 F.3d at 769 (holding that eligibility for mandatory release is a prerequisite for determining whether revocation of good time credit requires the procedural safeguards of due process).

Because Plaintiff has not asserted a protected liberty interest, the due process requirements for disciplinary proceedings outlined in his objection are inapplicable. The Magistrate Judge correctly determined that Plaintiff's lawsuit failed to state a claim upon which relief may be granted. Plaintiff's objections are without merit.

## IV.    Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections (Docket No. 8) are overruled and the Magistrate Judge's Report (Docket No. 7) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** for purposes of proceeding *in forma pauperis* for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.  It is further

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED.**

So ORDERED and SIGNED this 20th day of September, 2019.

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE